```
U.S. DISTRICT COURT
DISTRICT OF VERMONT
      FILED

2011 MAY 11  AM 10: 07

         CLERK
BY _____PM_____
       DEPUTY CLERK

5:11-cv-114
```

UNITED STATES DISTRICT COURT

VERMONT DISTRICT

-----------------------------------------------------------x

WALLACE S. NOLEN,          Plaintiff,

      - against -

THE UNITED STATES POSTAL SERVICE, PATRICK TIBBETTS, "NICK DOE" name fictitious but intended to be the Acting Officer-in-Charge of the Montpelier VT Post Office, and "JOHN DOE" name fictitious but intended to be the Officer-In-Charge of the Barre VT Post Office, Timothy Bombardier individually and as Police Chief of the Barre City Police Department, "JOHN DOE 1-10" names fictitious but intended to be police officers of the City of Barre Police Department, and "JOHN DOE 11-20" names fictitious but intended to be employees of the United States Postal Service, JANE DOE" and "JOHN DOE 21" their names being fictitious and intended to be employees of the South Barre Vermont Post Office, "JANE ROE" and "JOHN ROE" names fictititious and intended to be employees of the U.S. Postal Service,

                              Defendant,

-----------------------------------------------------------x

**VERIFIED**

**COMPLAINT**

1

STATE OF VERMONT, COUNTY OF CHITTENDEN ss.:

WALLACE S. NOLEN, being duly sworn deposes and says under the penalties of perjury complaining of the defendants as follows:

1. I am the Plaintiff herein, represented Pro Se.

2. I am totally farmiliar with the facts and circumstances herein except those items stated to be made on information and belief for which I believe them to be true.

3. This proceeding is being brought by me where Plaintiff is seeking a preliminary and permanent injunction against the defendants from continuing in a course of conduct, acts, and/or omissions which violate federal and state laws including my first amendment right to exercise my freedom of speech; my right to receive mail delivery at a residential address for which I own the property; my right to enter upon property of the United States Postal Service including but not limited to its Barre Vermont Post Office to conduct any lawful business or to exercise any right; the right pursuant to the Americans With Disabilities Act to obtain reasonable accommodations including but not limited to delivery of addressed to me or anyone either living with me or employed/previously employed by me or my businesses at a postal approved mail box attached to my house; the right to have "accountable mail" which may require me or my designee to have to sign for receipt of such mail delivered to my house; that mail properly addressed to me or residents/employees/former employees/businesses; that the defendants be enjoined from any further acts or omissions contrary to law and/or in retaliation for my actual exercise or attempted exercise of my constitutitional rights.

4. This proceeding is also being brought to seek a preliminary and permanent injunction against the Postal Service and its employees from the unlawful taking of personal property belonging to the Plaintiff and/or any other person similarly situated by its current customs, policies, and/or procedures involving postal money orders which are lost, uncashed, or otherwise never used.

5. At all times herein complained of the defendant, United States Postal Service was and still is a quasi-federal agency established by an act of the United States Congress.

6. At all times herein complained of Patrick Tibbetts was and upon information still is an employee of defendant United States Postal Service designated by them to deliver mail to the premises commonly known as 22 Gallow Ave, Barre VT 05641 and 191 Fairview St, Barre VT 05641.

7. Defendant "NICK DOE" name fictititous and unknown was and upon information and belief still is the officer-in-charge of the Montpelier Vermont branch of the United States Postal Service.

2

8. Defendant "JOHN DOE" name fictitutious and unknown was and upon information and belief still is the officer-in-charge of the Barre Vermont branch of the United States Postal

9. Defendant, Timothy Bombardier, was and upon information and beleif still is the Chief of Police of the Barre Police Department.

10. "JOHN DOE 11-20" name fictitious and unknown were and upon information and belief still are employees of the City of Barre Police Department.

11. Defendants "JOHN ROE" and "JANE ROE" names ficitious and unknown intended to be employees of the United Postal Service.

12. At all times herein complained of the Plaintiff has and continues to reside in the City of Barre, State of Vermont which forms the basis of venue of this proceeding.

13. Beginning on or about Decemeber 1st, 2005 plaintiff and his wife began living at 191 Fairfield St, Barre VT.

14. Such premises was a multi-family dwelling with upon information and belief at least four (4) apartments.be

15. Despite the fact that that Postal Regulations require that the landlord furnish postal approved mail boxes, there were none for delivery of mail to each tenant.

16. Plaintiff repeatedly complained to postal officials including the officers-in-charge of the Barre Post Office that mail properly addressed to plaintiff, his wife, and/or his businesses was either intermingled with other tenants mail; was never delivered; or was being delivered to in an otherwise improper method violating postal regulatons.

17. At no time did the postal service force any corrective action to remedy such clear violations of postal regulations as well as common sense with respect to the delivery of mail to these premises.

18. Plaintiff and his wife then began renting a post office box designated as PO Box 53, Barre VT 05641.

19. During the term of the rental of this box, almost on a daily basis there was mail addressed to PO Boxes other than "PO Box 53" being deposited into said box, then stand in line for considerable periods of time, and then return the mail to an employee of the postal service.

20. Plaintiff repeatedly complained to employees supervisory officials of the postal service including the Postmaster General, General Counsel, and others, that not only was he and his wife receiving mail clearly designated for PO Boxes other than "PO Box 53" but that senders of mail had advised them that they sent mail to them that was never ever received.

21. Such acts/omissions have continued unabatted until the closure of said box by Plaintiff.

22. Plaintiff then filed a change of address consistent with postal regulations to have all mail forwarded to PO Box 1025 in Montpelier Vermont.

23. Once again, like at the Barre Post Office, mail clearly designated for other post office boxes has been repeatedly and continuously delivered to plaintiff despite the difference in the box numbers which Plaintiff has had to return to postal officials in some cases on an almost daily occurence.

24. Plaintiff has repeatedly complained to postal officials including the officers-in-charge of the Montpelier VT branch of these acts/omissions.

25. On or about January 17th, 2006 Plaintiff and his wife purchased the premises commonly known as 22 Gallow Ave, Barre VT 05641.

26. Such premises being a single family residence located in the City of Barre, the last house and property on such street -- thereby forming the actual dead end of the public street commonly known as "Gallow Avenue".

27. Such premises was built in about 1982 and that mail delivery was routinely up to this point delivered to a postal approved mail box located on the public right-of-way directly in front and on the same side of the street of 22 Gallow Avenue, Barre VT.

28. On or about February 2006, Plaintiff observed a US Postal Service mail truck drive up and over Plaintiff's law knocking down small trees, shrubs and creating ruts in the otherwise fully landscaped lawn of the Plaintiff causing extensive damages to said property.

29. Plaintiff complained to supervisory personnel of the US Postal Service.

30. Plaintiff demanded that the vehicles of the Postal Service do not travel upon the lawn or other portions of the property of the Plaintiff except to turn around in areas clearly designed for vehicle travel.

31. Postal Supervisory officials then notified the Plaintiff that they would no longer deliver any mail to the premises.

32. The only explanation given by Postal Officials was that it was too dangerous for postal employees to make what amounts to a "broken U turn" in order to turn around and that postal employees "... are not permitted to back up ..."!

33. Plaintiff complained to supervisory officials including but not limited to the Postmaster General, General Counsel, Regional Counsel, his congressional officials and even

4

members of the news media.

34. Plaintiff also requested pursuant to the Americans With Disabilities Act that in lieu of a "rural delivery street mail box delivery" that Defendants deliver his mail to a mailbox physically located on his house which would be in an approved postal mail box similar in style, size, etc. of mailboxes throughout the very same carrier route as plaintiff's and which is Tibbetts is the designated regular postal carrier.

35. Postal officials also were repeatedly advised that Plaitniff and his wife are both disabled and that they are boh entitled to "reasonable accommodations for their respective disabilities".

36. At no time have postal officials granted Plaintiff's request for delivery of all his mail to a mailbox physically attached to his house rather than any other alternative including the present situation in which mail is forwarded to the Montpelier Post Office.

37. Finally, postal officials agreed to deliver mail to Plaintiff's residence provided that Plaintiff move his mail box from its present location or installed a new mail box at a point across the street from Plaintiff's residence and approxmately 20 feet further away from the next door neighbor whose house which is on the same side of the street as Plaintiff.

38. Plaintiff elected <u>under protest</u> to install a totally new mail box at the spot designated by the Postal Officials and has continued to demand that mail be delivered to an approved mailbox physically attached to plaintiff's house.

39. Approximately in March 2006, plaintiff observed an individual in front of plaintiff's streetside mail box apparently rumaging through Plaintiff's mail which he reported to postal officials.

40. After repeatedly complaining about these acts/omissions Plaintiff filed a change of address in accordance with postal procedures to have all mail of any kind sent to "PO Box 53, Barre VT 05641".o

41. It should be noted that the facility where mail addressed to either "PO Box 53, Barre VT" or to "22 Gallow Ave, Barre VT 05641 is sorted or otherwise processed at the same facility located at the corner of North Main Street and Prospect St, Barre VT.

42. It is the custom, policy and/or procedure of the Postal Service to send mail that is properly addressed to a physical address within a particular delivery area or post office but for which there is a duly filed "change of address" where such mail is to be delivered to a post office box within the very same facility/building, that such mail MUST be sent to the regional "forwarding facility" "for processing.

43. Despite this regulation, the personnel at the Barre post office has made

5

"exceptions" to this regulation where mail properly addressed to a Post Office Box is routinely hand delivered to the carrier that delivers mail to such business and vice verser, thus not delaying the receipt of mail to these business, while violating the equal protection clause of the US Constitution with respect to Plaintiff's situation and other postal patrons.

44. In the case of both the Barre and Montpelier post offices such location of the processing facility is located in White River Junction Vermont upon information and belief.

45. Mail that has been properly addrfessed to me, my wife, businesses, and/or employees/former employees in some cases has taken up to three weeks to go from my residence street address where it was so addressed to my then Post Office Box located within the same building!

46. During this and all other times, mail was repeatedly being returned with the endorsement of: "NO RECEPTICAL", "ADDRESSEE UNKNOWN", "FORWARDING TIME HAS EXPIRED" or simply no reason.

47. At no time have I vacated the premises at 22 Gallow Ave nor has there every been a single day that there hasn't been a postal approved mail box receptical designated by both the postal service and myself for the exclusive delivery of mail to my premises.

48. Pursuant to postal regulations a temporary change of address is good for up to one year.

49. Unless otherwise requested, at the expiration of such period unless the postal customer has moved, postal regulations require that mail delivery is suppose to be resumed at the physical delivery address, as in this case 22 Gallow Ave, Barre VT 05641.

50. However, since the expiration of said forwarding order not a single piece of mail of any type has been placed into the mailbox so designated located across the street from Plaintiff's residence.

51. Although the temporary change of address filed by Plaintiff designating that any mail addressed to Plaintiff's reisdence be forwarded to "PO Box 1025, Montpelier VT 05601-1025" has expired and Plaintiff deliberately did not renew or otherwise change such order, not a single piece of mail has been delivered after the effective expiration date of the latest forwarding order.

52. In the summer of 2009, Plaintiff's wife left their marital residence and has not returned.

53. Up to this point any mail which required a signature of plaintiff or his designee was never physically delivered to plaintiff at his residence, but instead notices were left in the mail

6

box.

54. Such acts/omissions required the Plaintiff to travel to the Barre post office to retrieve his packages, certified mail, registered mail, etc. items.

55. In addition, unlike all other customers, Plaintiff was unable to purchase stamps or other services unless he traveled to of the postal services facilities.

56. In the summer of 2009 shortly after Plaintiff's wife left their marital residence, Plaintiff sought from postal officials a letter which was at the time extremely important and attempt to file a complaint with supervisory officials at the Barre post office.

57. A few hours after such attempt two police officers from the Barre Police Department came to Plaintiff's residence and handed Plaintiff a no trespass order which prohibits the Plaintiff from coming onto the premises commonly known as the Barre Post Office.

58. Upon information and belief the sole "complaint" made by postal officials was that the Plaintiff was "threatening to sue" postal officials!

59. Since then the Plaintiff has not been permitted to conducted any business whatsoever at the Barre Post Office.

60. Due to a pending administrative action by the Vermont Department of Motor Vehicles the Plaintiff will soon not have a valid driver's license thereby rendering it virtually impossible for him to travel to any post office to retrieve his mail or otherwise conduct normal business with the postal service unless this court grants relief requested herein.

61. The Plaintiff lives alone and there is no one that can assist Plaintiff in retrieving his mail and/or performing any other necessary actions as complained of herein.

62. In-effect the Defendants including the police personnel, have violated Plaintiff's First Amendment and other rights by unlawfully barring the Plaintiff from the premises of the Barre Post Office; they have interferered with Plaintiff's right to assembly, and have clearly retaliated against the Plaintiff for his Constitutionally protected right of Free Speech, the right to file complaints and grievances; the right to be free of any form of retaliation by the Defendants for exercising or attempting to exercise his Constitutional and/or other rights.

63. Businesses for which Plaintiff wishes to do business refuse to mail items to Post Office boxes due to know frauds committed by individuals using PO Boxes.

64. Because of such fact, the Plaintiff has been unable to do business with or otherwise receive merchandize, promotions, etc. from these businesses in violation of Plaintiff's

7

constitutinal First Amendment and other rights.

65. Plaintiff and his wife at one point in order to try to prevent the unlawful tampering and/or otherwise delay the receipt of very important mail, opened a PO Box at the South Barre Post Office.

66. The office in charge of said post office told us that we were not allowed to park in the handicapped only parking area which was at the time directly in front of the doorway leading into said building.

67. When we showed the officer-in-charge such permit he responded that my wife who is and was less disabled than the Plaintiff his response was that my wife "looked" capable of not being disabled.

68. A few weeks after this "confrontation" the then designated handicapped parking space was moved to the complete opposite end of the building from where it previously was located thereby forcing both my wife and I as well as all other similarly situated disabled people from having to walk the width of at least four cars more than previously required.

69. Plaintiff again filed complaints with the officer-in-charge of this post office, and supervisory personnel of the postal service including but not limited to the Post Master General, General Counsel, Regional Counsel and even Plaintiff's Congressional Representatives but no action has been taken to move this space back to where it is was.

70. Plaintiff since he became an adult continuously throughout for most of his adult has made use of Postal Money Orders in order to pay for goods, services, and/or other indebtednesses.

71. During the term of Plaintiff's marriage, on an average month at least 5 and as many as 50 money orders were purchased for transactions of theirs.

72. Plaintiff has discovered that many money orders purchased by either Plaintiff and/or his wife for either joint obligations of them or for obligations of Plaintiff or his businesses have never ever been received.

73. Because the postal service does not permit purchasers to file at the time of purchase the purchaser's name and address as well as the payee's name and address, there is no way that a purchaser, absent having their receipts can file a claim for such money order.

74. In addition, the postal service regulations prohibit the filing of claims for what amounts to abandoned/unclaimed property for the proceeds of money orders for a set period of time.

745 The acts/omissions, customs, policies and/or procedures of the US Postal Service

8

constitute the unlawful taking of personal property of plaintiff and all other persons similarly situated in violation of the U.S. Constitution.

76. It has been held that an issuer of money orders must have procedurers in place to track and record uncashed or otherwise unused money orders regardless of their expiration.

77. Plaintiff therefore respectfully requests that this court order that the defendant, US Postal Service immediately be forced to take corrective measures including but not limited to requiring the Postal Service and its employees from accepting from Plaintiff and all persons similarly situated the name and address of all purchasers and the name and the address of all payees and to keep such information on file and to take steps to notify the purchasers and/or payees in accordance with acceptable procedures for the handling of abandoned/unclaimed property as is the requirements of every other money order issuer in the United States.

78. It also should be held by the United States District Court for the Eastern District of California and the US Court of Appeals for the 9th Circuit in *Taylor v. Wesley* that the overall practice of California officials with respect to the handling of abandoned/unclaimed property was unconstitutional and was enjoined.

79. The Postal Service, like all other money order issuers should be made accountable and be required to handle abandoned/unclaimed property involving and/or stemming from money order purchases in the same manner that other money order issuers are required to do so.

80. Plaintiff therefore respectfully requests that this court order that the defendant, US Postal Service immediately be forced to take corrective measures including but not limited to requiring the Postal Service and its employees from accepting from Plaintiff and all persons similarly situated the name and address of all purchasers and the name and the address of all payees and to keep such information on file and to take steps to notify the purchasers and/or payees in accordance with acceptable procedures for the handling of abandoned/unclaimed property as is the requirements of every other money order issuer in the United States.

WHEREFORE it is requested that this courtL

A. issue preliminary and permanent injuction against the defendants from continuing in a course of conduct, acts, and/or omissions which violate federal and state laws including my first amendment right to exercise my freedom of speech; my right to receive mail delivery at a residential address for which I own the property; my right to enter upon property of the United States Postal Service including but not limited to its Barre Vermont Post Office to conduct any lawful business or to exercise any right; the right pursuant to the Americans With Disabilities Act to obtain reasonable accommodations including but not limited to delivery of addressed to me or anyone either living with me or employed/previously employed by me or my businesses at a postal approved mail box attached to my house; the right to have "accountable mail" which

may require me or my designee to have to sign for receipt of such mail delivered to my house; that mail properly addressed to me or residents/employees/former employees/businesses; that the defendants be enjoined from any further acts or omissions contrary to law and/or in retaliation for my actual exercise or attempted exercise of my constitutitional rights.

      B. Issue a preliminary and permanent injunction against the Postal Service and its employees from the unlawful taking of personal property belonging to the Plaintiff and/or any other person similarly situated by its current customs, policies, and/or procedures involving postal money orders which are lost, uncashed, or otherwise never used and to require strict record keeping in accordance with acceptable practices and statutes involving money orders issued by private industry money order companies.

      C. That because of the very nature of this proceeding that this corut direct the chief clerk or his/her designee to notify the Plaintiff via telephone number at (802) 839-7392 and by email at wallacenolen5@yahoo.com of any and all orders or orders that this court may direct to the Plaintiff to insure proper and timely notification to the Plaintiff.

*(signature)*

Wallace S. Nolen

Physical Add: 22 Gallow Ave

Barre VT 05641

Mailing Add: PO Box 1025

Montpelier VT 05601-1025

Telephone: (802) 839-7392

Email: wallacenolen5@yahoo.com

Sworn to before me this 3rd day of May, 2011

*(notary signature)*

NOTARY

_____

**NOTARY**


Defendants' Addresses for service of Process:

## US Postal Service:

11 Elmwood Ave

Burlington VT 05401-9998


## Patrick Tibbetts

865 Maxfield Rd

Plainfield VT 05667


## Nick "Doe" (Acting Officer-in-Charge Montpelier Post Office)

US Post Office

36 Main St

Montpelier VT 05602-9998


## "John Doe" - Officer-in-Charge- Barre VT Post Office

US Post Office

3 S Main St

Barre VT 05641-9998


## "Jane Doe" and "John Doe 21"

11

US Post Office

379 S Barre Rd

South Barre VT 05670-9998

Timothy Bombardier + "John Doe 1-10"
c/o Barre City Police Department
15 4th St
Barre VT 05641